F. C. HAVER, TRUSTEE, APPELLEE, V. NORTH AMERICAN HOTEL COMPANY ET AL., APPELLANTS.

FILED OCTOBER 20, 1923.    No. 22505.

1. **Mortgages:** DESCRIPTION. Where the descriptive clause in a real estate mortgage, after describing the parcel of land, contained the following language: "Together with any and all buildings, improvements and appurtenances now standing, or at any time hereafter constructed or placed upon said land, or any part thereof, including all screens, curtain fixtures, window shades, wall beds, ice boxes, * * * and furniture and furnishings of every kind, in, or that shall be placed in any building now or hereafter standing on said premises, or any part thereof"—*held* not to limit the specific articles mentioned to those coming within the meaning of the words "buildings, improvements and appurtenances."

2. ———: ———: LIEN. When the descriptive clause of a real estate mortgage, or trust deed, includes "all screens, curtain fixtures, window shades, wall beds, * * * plumbing, * * * machinery, appliances, plants, apparatus and fittings and fixtures, and furniture and furnishings of every kind, in, or that shall be placed in any building now or hereafter standing on said premises, or any part thereof," *held*, that articles, consisting of plumbing supplies, hardware and lumber, although purchased by the mortgagor for use in the construction and completion of the building on the premises, but which had never been placed in the building or on the premises, are not subject to the lien of the mortgage.

APPEAL from the district court for Hall county: BAYARD H. PAINE, JUDGE. *Affirmed as modified.*

*Kimball, Peterson & Smith* and *Baker & Ready,* for appellants.

*R. S. Norval, F. H. Gaines* and *William H. Pitzer, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, DAY and GOOD, JJ., REDICK and SHEPHERD, District Judges.

GOOD, J.

This is an action to foreclose a mortgage on certain real estate in the city of Grand Island on which, at the time of trial, there was an uncompleted hotel and business block.

Plaintiff was given a decree of foreclosure, and defendant has appealed.

The mortgage provided that within seven months mortgagor should erect and construct on the lots a ten-story, fire-proof hotel and business block. The mortgagor entered upon the construction of this building, but became financially embarrassed and abandoned the work before the building was completed. At the time of the trial the defendant had on hand a large quantity of material, consisting of hardware, plumbing supplies, fixtures, fittings and lumber, and other material, that had been purchased for use in the construction of the building. Some of this material was on the premises and in the uncompleted building, but a part thereof was not on the premises but stored in other buildings in the city of Grand Island. The trial court held that the mortgage covered all of this material, whether on the premises or stored in other buildings, and gave plaintiff a decree of foreclosure covering this material. The defendant complains of that part of the decree which gave plaintiff a lien on the unused material, whether on the premises or stored elsewhere.

As there is no bill of exceptions, the only question for determination is whether the decree is supported by the pleadings. A copy of the mortgage is incorporated in the petition. The description therein of the mortgaged property is as follows:

"Lots C, D, E, and F of Gilbert's subdivision of the northerly two-thirds (2/3) of lots three (3) and four (4) in block seventy-nine (79) of the original town of Grand Island, Hall county, Nebraska, together with a strip twenty-two (22) feet by eight (8) feet adjoining lot C on the east, with all the easements in connection therewith, as surveyed, platted and recorded, together with any and all buildings, improvements and appurtenances now standing, or at any time hereafter constructed or placed upon said land, or any part thereof, including all screens, curtain fixtures, window shades, wall beds, ice boxes, ranges, furnaces, vacuum cleaners, refrigerating, heating, plumbing, venti-

lating, gas and electric light fixtures, elevators and fittings, and machinery, appliances, plants, apparatus and fittings and fixtures, and furniture and furnishings of every kind, in, or that shall be placed in any building now or hereafter standing on said premises, or any part thereof, and the reversion or reversions, remainder and remainders in and to said premises and each and every part thereof, and together with all the rents, issues and profits thereof (which are hereby specifically assigned), and together with all and singular the tenements, hereditaments, assessments, appendages and appurtenances to said estate and property belonging or in any wise appertaining, and all the estate, right, title, interest, claim or demand whatsoever of said mortgagor, either in law or in equity, either in possession or expectancy, of, in and to the above described land and estate (all of which estate, property and rights hereby conveyed, assigned and mortgaged or pledged, or intended so to be, are hereinafter in this instrument sometimes referred to as the 'premises')."

Among other things, the trial court found: "That all and singular of the buildings, *materials*, fixtures and appliances of every kind and nature belonging to the said defendant North American Hotel Company, and stored on said premises and in and about the buildings located thereon and stored in the warehouses and other places and buildings in Grand Island, Nebraska, and purchased for the construction and erection of the hotel and business block described in said petition, form a part of the tenements and hereditaments, appurtenances and appliances of and to said real estate and property and appertain thereto, and are fully covered by the lien of said trust deed in favor of said plaintiff, and that said trust deed is a first, valid, and best lien thereon and upon all of said property and estate, including said real estate and buildings, and all of the materials, fixtures, and appliances stored therein and thereabout, and also including the following building materials, fixtures, appliances and appurtenances, viz., 80 bath tubs and fixtures; 94 lavatories, Peerless, with fixtures; 110 toilets; 51

seats and covers; 11 slop sinks; 30 shower heads and fixtures; 30 urinals and fixtures; 3 shampoo fixtures with all fixtures; and 12,000 feet of maple flooring, stored in the Grand Island Storage & Forwarding Company building in Grand Island, Nebraska, and 40 boxes of hardware and 3 cartons of hardware stored in the Hehnke-Lohman Storehouse in Grand Island, Nebraska, all of which was purchased for the construction and erection and completion of said hotel and business block."

The defendant insists that the general language of the descriptive clause of the mortgage, above quoted, has reference to "buildings, improvements and appurtenances," and that the enumeration of items following the word "including" must be limited to such articles as come within the meaning and classification indicated by the three general words "buildings, improvements and appurtenances." We think, however, that a reading of the whole clause shows that the intention was not to so limit the articles to such things as would come within the meaning of the three general words. It could scarcely be contended that furniture and furnishings and such articles would come within the term of an appurtenance or improvement to the building. We are of opinion that it was the intention of the parties that the lien should attach not only to the buildings and appurtenances, but to all of the designated articles that might be placed in the building, either then or thereafter erected upon the premises.

With reference to the complaint of defendant that the decree erroneously includes personal property that was stored on the premises but had not yet been attached to the real estate, we are unable to say that there was any error on the part of the trial court. The record before us does not advise us as to the nature, quantity or value of material stored on the premises. For anything that appears, it may have consisted of such items as are enumerated in the descriptive clause of the mortgage, and, if so, we think that, under the terms of the mortgage, it was the intention of the parties that all such items, when placed on the premises,

Haver v. North American Hotel Co.

should be subject to the mortgage lien. No error in that particular is apparent.

As to the articles of property, consisting of bath tubs and fixtures, lavatories, toilets, seats and covers, slop sinks, shower heads and fixtures, urinals and fixtures, shampoo fixtures, maple flooring, and boxes and cartons of hardware, that were stored in the buildings of the Grand Island Storage & Forwarding Company and of the Hehnke-Lohman Storehouse, it seems too plain to admit of argument that, until placed on the premises, they could not be attached to or become a part of the realty, and that they were not and never had been appurtenances to the buildings or the real estate covered by the mortgage, and were not subject to the lien of the mortgage by virtue of the mortgage on the real estate. The lien of the mortgage on the specific articles mentioned in the descriptive clause of the mortgage is, by the terms of that clause, limited to such articles as are "in, or that shall be placed in any building now or hereafter standing on said premises, or any part thereof." The specific articles mentioned in the decree as being located in the above named buildings were not and never had been in any building upon any of the real estate described in the mortgage.

It follows that the mortgage lien could not and did not attach to these items of personal property, and that the district court erred in declaring them subject to the lien of plaintiff's mortgage. In all other respects the decree of the district court is right; but, because of the error in including the above-mentioned articles, the decree of the district court is modified so as to exclude from the operation of the mortgage lien all of the specific items of personal property mentioned in the decree and described as located in the buildings of the Grand Island Storage & Forwarding Company and of the Hehnke-Lohman Storehouse, in Grand Island, Nebraska. As modified, the decree should be and is affirmed.

AFFIRMED AS MODIFIED.